In the Matter of the Claim of JOSEPH GRANO, Respondent, against DESPATCH SHOPS, INC. et al., Appellants, and LIBERTY MUTUAL INSURANCE Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 2, 1958.

*Winchell, Macken & Goldwater (Franklin A. Goldwater* of counsel), for appellants.

*William L. Clay* for claimant-respondent.

*Myer Braiman* for Liberty Mutual Insurance Company, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

REYNOLDS, J. This is an appeal from a decision of the Workmen's Compensation Board dated April 13, 1956 which found that the claimant had an occupational loss of hearing which resulted in disablement on September 3, 1954 and made the award payable by the appellant Employers Mutual Liability Insurance Company.

The claimant who was 61 years old in 1947 had worked for the employer, Despatch Shops, Inc., since 1923 as a fitter in the steel mill. On October 22, 1947 he reported to the employer's physician that he had difficulty in hearing which had become worse since the preceding February and he was referred to Dr. Nash, a specialist in otolaryngology. In an examination on October 25, 1947, Dr. Nash found a 74% audiometric loss of the right ear and a 76% audiometric loss of the left ear. On November 5, 1947 a claim was filed for loss of hearing and at that time the respondent Liberty Mutual Insurance Co., was the carrier. The appellant became the carrier on January 1, 1948. The referee found the date of disablement to be October 22, 1947 and made an award against the respondent for a permanent loss of hearing. On review the board upheld the finding of

occupational disease but rescinded the award because there was no lost time and no medical proof of permanent defective hearing.

The claimant continued to work until September 3, 1954 and the reason why he stopped does not appear in the record. He was examined after he stopped working and on September 27, 1955 the referee found a permanent loss of hearing, fixing the date of disablement as October 22, 1947 and assessing the award against the respondent. On review the board modified the referee's decision by fixing the date of disablement as September 3, 1954 and assessed the entire award against the appellant.

The appellant contends that there is no substantial evidence to support the board's finding of September 3, 1954 as the date of disablement and that the date of October 22, 1947 which was fixed by the referee was the proper one.

The question presented here appears to be controlled by the decision of this court in the case of *Matter of Lumsden* v. *Despatch Shops* (5 A D 2d 242). In that case the same carriers, the same employer and a very similar fact situation was involved. The claim there was made in 1947 when Liberty was on the risk and the date of disablement was set in 1954 when Employers was on the risk. There, as here, there was very little change in the hearing of the claimant between 1947 and 1954. The court said (p. 245):

" Although the ultimate loss of hearing found after claimant had left the employment for some months is not very different from the loss observed in 1947, the difference in weight and diagnostic value of the medical observations made during an actual period of exposure and those made a considerable time after exposure had ended as bearing on the total permanent effect on hearing are clearly demonstrated in the record and could be accepted by the board.

" There is, moreover, medical opinion attributing the final permanent impairment found by the board to the exposure in the steel plant occurring after the appellant carrier was on the risk as well as before. This would justify charging the award to the carrier which covered the liability at the time of disablement since the entire exposure was in the same employment with the same employer."

It is clear from a reading of the testimony of the three physicians questioned in this case that the same is true here. That is, that the permanency of the hearing loss could be determined only after the claimant had ceased to work in the noisy atmosphere and that the continued exposure of the claimant to the

noise in the shop from October 22, 1947 to September 3, 1954 was a factor in the final permanent loss of hearing. That there was exposure between 1948 and 1954 is amply sustained by this record. As this court stated in another loss of hearing case: "Since the disablement is treated as the accident the carrier then on the risk would become responsible for the award for an occupational disease contracted in the same employment for the same employer unless it were found that there was no injurious exposure during this carrier's period of coverage." (*Matter of Bakke* v. *Bushey & Sons,* 5 A D 2d 909.)

Appellant argues that the board arbitrarily fixed as the date of disablement the date on which claimant left his employment and that there is no evidence to support this. They contend the board should have found that the disablement occurred on October 27, 1947, as twice found by the Referee. The board's argument in favor of its date of disablement rests on *Lumsden* (*supra*) on the impossibility of establishing permanency until after exposure ceases, and on the ground that its practice in fixing the last day of exposure as the date of disablement is the logical one.

Disablement from an occupational disease is defined as the "state of being disabled from earning full wages at the work at which the employee was last employed" (Workmen's Compensation Law, § 37). As thus defined, the disablement is treated as the happening of an accident (§ 38).

Fixation of the date of disablement is important, where two or more carriers consecutively cover the risk, in determining which is responsible (see *Matter of Lane* v. *Daystrom Corp.,* 276 App. Div. 247, 248). In cases of certain occupational diseases, one of which is loss of hearing, disablement in the sense of a wage loss seldom occurs, for an employee with a partial loss of hearing is usually capable of continuing his regular employment. In cases like this, where the degree of impairment from the disease fluctuates during the continuance of exposure, there is no way for the fact-finder to establish the date of disablement other than by arbitrary selection. Even though the proof would possibly support a finding that the degree of impairment was no greater in 1954 than it was in 1947, this would not establish that the amount of impairment in 1947 was permanent. From the medical testimony it was evident that the permanency of the hearing loss could not be determined until approximately six months after the patient was removed from the noisy surroundings. The fact that there was a hearing loss before the appellant carrier took over the risk does not prevent it from being assessed with the entire liability. The same was

true in the *Lumsden* case (*supra*) and in *Matter of Trimboli* v. *Ford Instrument Co.* (271 App. Div. 854) the carrier against whom the award was assessed took over the risk on the day which was the last day of the injurious exposure.

It might be interesting to compare recent legislation on this problem. Chapter 974 of the Laws of 1958, effective July 1, 1958, adds article 3-A " Occupational Loss of Hearing " to the law. Section 49-bb provides that compensation shall become due and payable six months after separation from work in the employment where there was exposure to harmful noise and that the date of disablement shall be " the last day of such period of separation from work ". The holding of this court in *Lumsden* (*supra*) approximates this legislative treatment of the problem.

The decision and award should be affirmed.

FOSTER, P. J., GIBSON and HERLIHY, JJ., concur.

Decision and award affirmed, with costs to Liberty Mutual Insurance Company.